IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KHADIJAH ABDUL,**  *Plaintiff,*  v.  **UNIVERSAL PURE, LLC,**  *Defendant.* | **Case No. 2:21-cv-04734-JDW** |

### MEMORANDUM

Not every ailment is a disability. There is no dispute that Khadijah Abdul has a painful lump in her left breast, but there is no evidence to permit a reasonable jury to conclude that the lump constitutes a disability under the Americans With Disabilities Act Of 1990 or the Pennsylvania Human Relations Act. Even if this lump rendered Ms. Abdul disabled and afforded her protection under these statutes, she could not prevail on her claim of disability discrimination because she has no evidence that creates a genuine dispute that Universal Pure LLC fired her for poor performance and insubordination. Universal is therefore entitled to summary judgment.

I.    BACKGROUND

   A.    Factual History

Universal Pure, LLC provides cold chain solutions and high pressure processing services for the food and beverage industry.[1] Khadijah Abdul worked on the production line at Universal beginning in August 2019. Universal promoted her to Machine Operator in February 2020. That March, Ms. Abdul started to experience pain in her chest. In May, she discovered a lump in her left breast. She told a supervisor, Shyra Allen, about the lump.

While working as a Machine Operator, Ms. Abdul was exposed to a cleaning chemical known as Vortexx. She developed a sensitivity to the smell of the chemical and would experience pain in her chest when she inhaled it. Eventually, the pain became unbearable. On July 17, 2020, Ms. Abdul asked to go back to her original position on the production line. Universal agreed but asked that Ms. Abdul continue as a Machine Operator for a brief period of time so that she could train her replacement. Three days later, Ms. Abdul could not bear the pain and refused to continue working as a Machine Operator. As a result, no one trained her replacement, and there was no one to cover her post. Universal issued Ms. Abdul an "Employee Disciplinary Form" that constituted a written warning for insubordination. Ms. Abdul returned to her prior position on the production line.

---

[1] *See* https://universalpure.com/our-story/ (last visited January 13, 2023).

On July 30, 2020, Ian Beert, a consultant hired to monitor and provide feedback to increase productivity, noticed Ms. Abdul leaning over the conveyor belt and packing with one hand. Mr. Beert provided feedback to Ms. Abdul that she should not be leaning on the conveyor belt and should be using both hands to pack. After receiving this feedback, Ms. Abdul met with Universal's Human Resources Manager about the incident. Mr. Beert and the Plant Manager were also present. During that meeting, Mr. Beert, the Plant Manager, and the HR Manager told Ms. Abdul that if she couldn't "keep up with what is needed with the job," then she could not keep working at Universal. (ECF No. 40-5 at 103:13-15.) Ms. Abdul claims that during this conversation, she advised the HR Manager about the lump in her breast. Universal contends that Ms. Abdul would not accept Mr. Beert's feedback to follow safety and productivity directions, and that is why Universal terminated her.

**B.     Procedural History**

On October 22, 2021, Ms. Abdul filed this suit against Universal. She then filed an Amended Complaint, asserting claims of disability discrimination, failure to accommodate, and retaliation in violation of the ADA and the PHRA . Following discovery, Universal moved for summary judgment on all of Ms. Abdul's claims, and the motion is ripe for disposition.

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 56(a) permits a party to seek, and a court to enter, summary judgment "if the movant shows that there is no genuine dispute as to any

3

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he plain language of Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quotations omitted). In ruling on a summary judgment motion, a court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quotation omitted). However, "[t]he non-moving party may not merely deny the allegations in the moving party's pleadings; instead he must show where in the record there exists a genuine dispute over a material fact." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citation omitted); *see also* Fed. R. Civ. P. 56(c)(1)(A)-(B).

### III. DISCUSSION

#### A. Abandoned Claims

Universal makes several arguments in its summary judgment motion that Ms. Abdul fails to address in her opposition brief. Specifically, Universal argues that Ms. Abdul cannot prevail on her failure to accommodate claims because Universal accommodated Ms. Abdul's request to return to her position on the production line, and Ms. Abdul did not request any other accommodation. In addition, Universal argues that Ms. Abdul cannot prevail on her retaliation claims because she did not engage in any protected

4

activity. Ms. Abdul did not respond to either argument. When a plaintiff fails to respond to a summary judgment argument, courts deem a plaintiff to have abandoned those arguments. *See, e.g., Morello v. Kenco Toyota Lift*, 142 F. Supp. 3d 378, 381 n.3 (E.D. Pa. 2015); *Seals v. City of Lancaster*, 553 F. Supp. 2d 427, 432 (E.D. Pa. 2008). I agree. In an adversarial system, it's not the Court's job to construct an argument for one side. If a party—in this case, Ms. Abdul—decides an argument doesn't merit a response, then the Court will hold her to that choice. So I will grant summary judgment on Ms. Abdul's abandoned claims.

Universal also argues that to the extent Ms. Abdul is asserting claims based upon physical injuries that arose in the course of her employment, she has to raise those claims at the state level pursuant to the Pennsylvania Workers' Compensation Act. Ms. Abdul does not respond to this argument either, but her Amended Complaint does not assert any claims based upon a personal injury, so there is no claim for her to abandon. Therefore, this argument is moot.

### B. Discrimination Claims

To prevail on her claims of disability discrimination under the ADA and PHRA, Ms. Abdul must demonstrate that she was 1) disabled, 2) subject to an adverse employment action, 3) qualified for her position, and that (4) the adverse employment action was because of her disability. *Fowler v. AT&T, Inc.*, 19 F.4th 292, 299 (3d Cir. 2021). If she can make that showing, then the burden shifts to Universal "to provide a legitimate, non-

5

discriminatory reason for its actions." *Id.* (citation omitted). Once Universal articulates a valid reason for the adverse employment action, Ms. Abdul "may prevail at summary judgment only if she has evidence that [the articulated reason] is merely a pretext[.]" *Id.* (same). Ms. Abdul cannot prevail on her claims of disability discrimination because she cannot establish that she was disabled, nor can she establish that Universal's reason for terminating her was pretextual.

### 1. Disability

While Ms. Abdul complained about sensitivity to the smell of certain chemicals, the only alleged disability at issue in this case is the lump in her breast. (ECF No. 34-6 at ¶ 28; ECF No. 40-1 at ¶ 28.) To be disabled, Ms. Abdul must demonstrate "a physical or mental impairment that substantially limits one or more major life activities …." 42 U.S.C. § 12102(1)(A). Ms. Abdul contends that pain from the lump impacted her breathing, sleeping, lifting, reaching, and grasping. However, given the evidence in the record before me, no reasonable jury would find that the alleged disability——i.e. the lump in Ms. Abdul's breast——substantially limits any of these major life activities. At most, Ms. Abdul testified that she feels a "striking pain" if she takes "deep breaths." (ECF No. 34-2 at 40:18-24.) Regarding sleeping, Ms. Abdul did not testify that the pain from the lump prevents her from sleeping. Instead, she testified that she may be laying on the same side as the lump when she's "in a deep sleep," and "by the time [she] wake[s] up," the lump is irritated. (ECF No. 40-5 at 54:24 – 55:3.) The record also doesn't support Ms. Abdul's claims about

6

having difficulty lifting and reaching. She did not provide any testimony for me to review as to whether, or to what extent, the pain from the lump prevents her from engaging in these activities.

Finally, Ms. Abdul testified that she manages her pain by taking Motrin twice a week. In light of all this, no reasonable jury could conclude that the lump in Ms. Abdul's chest substantially limits one or more of her major life activities. As such, Ms. Abdul cannot demonstrate that she is disabled, and she cannot establish her claims under the ADA and PHRA.

### 2. Pretext

To establish pretext, Ms. Abdul must point to "evidence that could cause a jury 'either [to] (1) disbelieve the employer's articulated legitimate reasons[,] or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action.'" *Fowler*, 19 F.4th at 299 (quotation omitted). To discredit Universal's proffered reason(s)—poor performance and insubordination—Ms. Abdul "cannot simply show that [Universal's] decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent." *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994) (citations omitted); *see also Wishkin v. Potter*, 476 F.3d 180, 185 (3d Cir. 2007) (explaining that "the methods and manner of proof" are the same for Title VII and ADA claims). Instead, she "must demonstrate such weaknesses, implausibilities,

inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them 'unworthy of credence[.]'" *Fuentes*, 32 F.3d at 765 (quotation omitted). Ms. Abdul has not made the requisite showing.

At most, she attempts to challenge the authenticity of an Employee Disciplinary Form that Universal's Counsel showed her during her deposition, contending that that version of the form includes "Employee Comments" that she did not write. Ms. Abdul contends that when she received the form at the time of the discipline, on July 23, 2020, the "Employee Comments" section was blank. But it does not matter whether someone other than Ms. Abdul added those comments or not, because the write-up is not the adverse action at issue, and Ms. Abdul does not dispute that she failed to continue training her replacement Machine Operator after that, despite Universal's instruction.

It is also undisputed that Universal terminated Ms. Abdul on July 30, 2020, after Ian Beert saw her leaning over the conveyer belt and packing with one hand. Ms. Abdul also does not dispute that it is a safety hazard to lean over the conveyer belt and that she was supposed to pack with two hands. Likewise, she does not dispute Universal's assertion that she refused to accept and implement Mr. Beert's feedback to follow safety and productivity directions on the production floor. The mere fact that she disclosed the lump to the HR Manager during the meeting in which she was terminated is not sufficient to cast doubt as to why Universal terminated her. Ms. Abdul's claim that the various individuals present at that meeting told her that she would be terminated if she could not

keep up with the pace of the job does not undermine Universal's stated reason for firing her. As a result, Ms. Abdul cannot demonstrate pretext, and Universal is entitled to summary judgment for this reason as well.

## IV.     CONCLUSION

Ms. Abdul cannot establish a prima facie case of disability discrimination. Even if she could, she cannot establish that Universal's reasons for terminating her were pretextual. This dooms her discrimination claims. Because she has abandoned her claims of failure to accommodate and retaliation, I will grant summary judgment on all of her claims against Universal. An appropriate Order follows.

**FOR THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

February 10, 2023